IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF GEORGIA

AUGUSTA DIVISION

| | | |
|---|---|---|
| YVONNE MURPHY HICKMAN, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CV 115-021 |
| | ) | |
| RICHMOND COUNTY GEORGIA, Agency, | ) | |
| and DaCARA S. BROWN, d/b/a The Law | ) | |
| Office of DaCara S. Brown, in her | ) | |
| individual and official capacity, | ) | |
| | ) | |
| Defendants. | ) | |

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Plaintiff is proceeding *pro se* and *in forma pauperis* ("IFP") in the above-captioned case. For the reasons set forth below, the Court **REPORTS** and **RECOMMENDS** that this case be **DISMISSED** without prejudice and that this civil action be **CLOSED**.

I. **BACKGROUND**

Because Plaintiff's complaint was filed IFP, it must be screened to protect potential Defendants. Phillips v. Mashburn, 746 F.2d 782, 785 (11th Cir. 1984). Upon conducting an initial screening of the complaint, the Court ordered Plaintiff to amend within fourteen days to correct certain pleading deficiencies. (See doc. no. 4.) The Court cautioned Plaintiff that failing to submit a timely response would result in a presumption by the Court she desires to have this case voluntarily dismissed and would result in a recommendation for dismissal of this action,

without prejudice. (Id. at 3, 5.) The time to respond has passed, and Plaintiff has not submitted an amended complaint as required by the Court's February 10, 2015 Order.

Instead, Plaintiff submitted "A Sua Sponte Memorandum," in which she primarily argues that she is not required to file an amended complaint as directed because she did not consent to have a Magistrate Judge "take over her case." (Doc. no. 5, p. 1.) Plaintiff's argument fails because "consent is not required for magistrate judge actions taken in compliance with 28 U.S.C. § 636(b)(1)." Bobadilla v. Aurora Loan Servs., LLC, 478 F. App'x 625, 627 (11th Cir. 2012) (citation omitted).

Relevant to an order to amend, 28 U.S.C. § 636(b)(1)(A) provides:

> A judge may designate a magistrate judge to hear and determine any pretrial matter pending before the court, except a motion for injunctive relief, for judgment on the pleadings, for summary judgment . . . to dismiss or permit maintenance of a class action, to dismiss for failure to state a claim upon which relief can be granted, and to involuntarily dismiss an action. A judge of the court may reconsider any pretrial matter under this subparagraph (A) where it has been shown that the magistrate judge's order is clearly erroneous or contrary to law.

See also Loc. R. 72.2 ("In accordance with 28 U.S.C. § 636(b)(1)(A), a Magistrate Judge may hear and determine any pretrial matter, other than those motions specified in Local Rule 72.3(a)(3). . . .")[1] A written referral is not required. Bobadilla, 478 F. App'x at 627. Thus, this Court can validly order Plaintiff to amend her complaint, even if she did not consent to proceed before a Magistrate Judge.

As this is not the first civil case Plaintiff has litigated in the Southern District of Georgia, she is no doubt familiar with the use of a Magistrate Judge to conduct pretrial proceedings. See Hickman v. Hickman, CV 212-034 (S.D. Ga. Feb. 9, 2012). Additionally, Plaintiff has previously utilized the procedure for filing an objection to an order of a Magistrate Judge. Id.,

---

[1] Local Rule 72.3(a)(3) covers the matters listed in 28 U.S.C. § 636(b)(1)(A), as well as judicial review of administrative determinations and review of default judgments.

2

doc. no. 116. Plaintiff is also aware of the consequences of failing to respond to a Court Order, as her prior case was ultimately dismissed for failing to comply with the Order of Magistrate Judge James E. Graham to re-plead her "classic example of a shotgun pleading." Id., doc. no. 80, p. 3. The Eleventh Circuit Court of Appeals affirmed the dismissal, and the United States Supreme Court denied the request for a writ of certiorari. Hickman v. Hickman, 563 F. App'x 742, 743 (11th Cir. Apr. 23, 2014), *cert. denied*, 135 S. Ct. 873 (U.S. Dec. 15, 2014) (No. 14-6602), *reh'g denied*, -S. Ct.-, 2015 WL 732306 (U.S. Feb. 23, 2014).

## II. RECOMMENDATION FOR DISMISSAL

A district court has authority to manage its docket to expeditiously resolve cases, and this authority includes the power to dismiss a case for failure to prosecute or failure to comply with a court order. Equity Lifestyle Props., Inc. v. Florida Mowing & Landscape Serv., Inc., 556 F.3d 1232, 1240 (11th Cir. 2009) (citing Fed. R. Civ. P. 41(b)); see also Eades v. Alabama Dep't of Human Res., 298 F. App'x 862, 863 (11th Cir. 2008) ("District courts possess the ability to dismiss a case . . . for want of prosecution based on two possible sources of authority: Fed. R. Civ. P. 41(b) or their inherent authority to manage their dockets."). Moreover, the Local Rules of the Southern District of Georgia dictate that an "assigned Judge may, after notice to counsel of record, *sua sponte* . . . dismiss any action for want of prosecution, with or without prejudice . . . [for] failure to prosecute a civil action with reasonable promptness." Loc. R. 41.1(c). Finally, dismissal without prejudice is generally appropriate pursuant to Rule 41(b) where a plaintiff has failed to comply with a court order, "especially where the litigant has been forewarned." Owens v. Pinellas Cnty. Sheriff's Dep't, 331 F. App'x 654, 655 (11th Cir. 2009) (citing Moon v. Newsome, 863 F.2d 835, 837 (11th Cir. 1989)); see also Loc. R. 41.1(b) (Court may dismiss an action *sua sponte* for "willful disobedience or neglect of any order of the Court").

Here, Plaintiff's failure to file her amended complaint and her assertion that she does not intend to comply with a lawful order of the Court to do so amounts not only to a failure to prosecute, but also willful disobedience or neglect of any order of the Court. This is precisely the type of neglect contemplated by the Local Rules. The Court cautioned Plaintiff that failing to file an amended complaint would be an election to have her case voluntarily dismissed. Furthermore, because Plaintiff is proceeding IFP, the Court finds that the imposition of monetary sanctions is not a feasible sanction.

In sum, the time to respond has passed, and Plaintiff has not submitted an amended complaint as required by the Court's February 10, 2015 Order. Therefore, the Court **REPORTS** and **RECOMMENDS** that this case be **DISMISSED** without prejudice and that this civil action be **CLOSED**.

SO REPORTED and RECOMMENDED this 9th day of March, 2015, at Augusta, Georgia.

_____
BRIAN K. EPPS
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA